UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JOHN J. AULICINO, | : | Bankruptcy No. 08-11865DWS |
| MARCELLA F. AULICINO, | : | |
| aka Marcella Frances Fuimano, | : | |
| aka Marcella F. Gerage, | : | |
| | : | |
| Debtors. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Motion by Former Spouse for Relief from Automatic Stay to Enforce Property Interest in State Court (the "Motion"). The Motion is opposed by the Chapter 7 trustee ("Trustee") who asserts that his interest in certain real property located at 2313 Mildred Street Philadelphia, Pennsylvania (the "Property") as a hypothetical bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3) trumps the interest of John Angelo Fuimano ("Movant") arising from a 1997 Marital Separation Agreement that contemplated that Debtor would convey her interest in the Property to him. The facts are simple and not in dispute, and the parties have briefed their respective legal positions. For the following reasons, I agree with the Movant and will grant the Motion.

**BACKGROUND**

Movant and Debtor were married on February 1, 1988. Exhibit M-3. On October 25, 1993, they acquired the Property as tenants by entireties. Exhibit M-1 (recorded deed dated Oct. 25, 1993). Debtor filed for divorce in July 1994. Exhibit M-2. Through the efforts of their respective counsel, a Marital Separation Agreement (the "Agreement") was prepared and executed by the parties on July 3, 1997. Id. The Agreement was attached to and its terms and conditions were incorporated in the decree of divorce by the Order of the Court of Common Pleas, Philadelphia, Pennsylvania dated July 22, 1997, and both were contemporaneously filed with the Office of the Prothonotary. Id. Relevant to this contested matter is the following provision of Paragraph 6 of the Agreement relating to the division of property:

> (a)   REAL ESTATE
>
> The parties are the owners of real property located at 2313 Mildred Street, Philadelphia, Pennsylvania. MARCELLA will convey and waives all rights and interest in this property and will, upon execution of the Agreement, relinquish control and possession to JOHN. JOHN will assume all mortgage responsibilities upon execution of this Agreement and agrees to indemnify and save MARCELLA harmless.

Id. Movant now resides in the Property, and Debtor resides at 2608 S. Jessup Street, Philadelphia, Pennsylvania with her present husband, the co-debtor herein.

Also relevant is paragraph 12 of the Agreement which dealt with the execution of other documents and provided as follows:

> MARCELLA and JOHN shall each concurrently herewith or at any time hereafter at the demand of the other, execute any other documents or instruments, and do or cause to be done any other acts and things as may be necessary or convenient to carry out the intents and purposes of this Agreement.

-2-

<u>Id.</u> It is undisputed that save this Agreement, there is no document pertaining to the conveyance contemplated by the Agreement nor did Debtor take or Movant, prior to the filing of the Motion, demand any action be taken in furtherance of Debtor's agreement to transfer her interest in the Property to Movant. Movant now seeks relief from stay to file an action in the state court to compel Debtor to transfer her interest in the Property pursuant to the Agreement, an action that would be permitted but for the intervention of Debtor's bankruptcy case.

**DISCUSSION**

**I.**

While not raised at the hearing on the Motion, Movant raises three procedural issues that he believes are relevant to the resolution of the Motion. I turn to them before addressing the merits of the Motion.

<u>A.</u>

First, Movant contends that this Court must abstain from adjudicating non-core state law issues. In so stating, he misconstrues the nature of the matter he has brought before me as one seeking enforcement of the Agreement. It is no such thing. In seeking relief from stay, Movant has presented a core matter that is within the exclusive jurisdiction of the bankruptcy court. <u>Maritime Elec. Co., Inc. v. United Jersey Bank</u>, 959 F.2d 1194, 1204 (3d Cir. 1991) ("Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.") In order

to adjudicate <u>his</u> request for stay relief which arises under § 362(d)(2), I need to determine whether the Debtor has an equity in the Property.[1]

Movant has contended that not only is there no equity but that the Debtor has no interest in the Property at all, and I should grant relief to allow him to exercise his rights under the Agreement. The Trustee has responded to the contrary, contending that the Debtor's failure to implement the Agreement provides him as a deemed bona fide purchaser for value with superior rights to Movant under the Agreement so that the estate has a very real interest in the Property. Notably not before the Court is enforcement of the Agreement as Movant alleges. What is before the Court is simply a motion for relief from the automatic stay to allow the Movant to press his claims to the Property without regard to the interests of the estate.

As Movant argues elsewhere in his Memorandum of Law Sur Motion by Former Spouse for Relief from Stay to Enforce Property Interest in State Court ("Movant's Mem"), interests in the Property are determined by state law. Movant's Mem at 10. Thus, in order to determine whether relief is appropriate this Court must in the first instance consider state law. Since only this Court can provide Movant relief from stay to enforce the Agreement, I am at a loss to understand how abstention will further his cause. Moreover, I am unpersuaded by his application of the factors determinative of mandatory abstention under 28 U.S.C. § 1334(c)(2). Specifically, there has been no motion for

---

[1] The second prong of § 362(d)(2) ("such property is necessary for an effective reorganization") is not met since this is a Chapter 7 proceeding.

mandatory abstention made but rather one for relief from stay, and relief from stay is expressly a core matter. 28 U.S.C. § 157(e). In misconstruing the matter before me, Movant has misapplied well settled law. For these reasons, abstention is inappropriate.

### B.

Movant next invokes § 362(e)(2) which provides for the termination of the automatic stay 60 days after a request for relief is made by a party in interest unless (a) a final decision is rendered during that period, (2) such period is extended, (3) the parties agree otherwise, or (4) the court provides for such specific period of time as is required for good cause. The Motion was filed on September 8, 2008, and a hearing was held on October 7, 2008. At the conclusion of the hearing, arguments were made. I pressed the Movant to point to any evidence that supported his view that under state law his interest in the Property would be superior to the Trustee's rights as a bona fide purchaser for value under § 544(a)(3). When he kept insisting that his position arose as a matter of law, I allowed him to supplement his pleadings by filing a brief. Mindful of my statutory duty to decide a motion for relief in limited time, I advised that with the consent of the parties, I would not start the time running until the briefs were filed. Tr. at 32. Movant did not object and proceeded to agree to a court-ordered briefing schedule. Movant now argues that the stay terminated by reason of § 362(e)(2). I respectfully disagree.

Assuming Movant's counsel forgot that I expressly stated that the statutory period would not run during the briefing schedule, common sense should have reminded him. What would have been the point of ordering a 30 day briefing schedule if the stay was to expire almost immediately. It is counterintuitive for Movant to submit a 58-page brief and

expect the court in the interests of justice to rule in a matter of days absent which the stay would terminate by operation of law. Even had I not expressly dealt with this issue on the record, I would deem him to have consented to the tolling of the period until his brief was received on November 4, 2008. In re Ramos, 357 B.R. 669, 671 n.2 (Bankr. S.D. Fla. 2006) (viewing lender's request to brief as a consent to hold a final hearing beyond the thirty day statutory deadline).[2]  In short, the stay has not been terminated by operation of § 362(e)(2).

### C.

Finally Movant argues that even assuming the Trustee is correct about his ability to utilize § 544(a)(3), he has not filed an adversary proceeding seeking to avoid Movant's interest which he claims at this date is fatal to his cause. The basis for this contention is the Movant's assumption that an adversary proceeding is required and his erroneous view that § 108 governs this issue. I see no reason to spend any time discussing § 108 which deals with extension of time under non-bankruptcy law. It is plainly not applicable here. Rather there is a specific statute of limitations for commencing an action under § 544 if one is required.[3]  However, the Trustee is not seeking to avoid an interest but rather to assert the

---

[2] Without regard to the foregoing, it is clear that the Court has the equitable power under § 105 to reinstate the stay if it could be viewed as terminated by operation of law. Brusich & St. Pedro Jewelers, 28 B.R. 545, 549 (Bankr. E.D. Pa 1983). See also River Hills Associates, Ltd. v. River Hills Apartments Fund, 813 F.2d 702, 707 (5th Cir. 1987); In re McNeely, 51 B.R. 816, 820-21 (Bankr. D. Utah 1985); In re Rolanco, 43 B.R. 150, 152 (Bankr. E.D. Mo. 1984). In this case, that power need not be invoked.

[3] Section 546(a) states that an action under this and the sections conferring the other avoiding powers to the trustee may not be commenced after the (1) later of (A) 2 years after the entry of an order for relief; or (B) 1 year after the appointment of the first trustee if occurring before the expiration of the period referred to above; or (2) the time the case is closed. 11 U.S.C. § 546(a).
(continued...)

rights of a bona fide purchaser for value.[4]  Thus, this procedural impediment urged by Movant is likewise rejected.

## II.

I turn now to the merits of this contested matter.  In opposing the Motion, the Trustee's argument is simple.  First, a trustee in bankruptcy has the rights and powers of a bona fide purchaser of real property ("BFP") that has perfected a transfer at the time of commencement of the case, whether or not such a purchaser exists.  11 U.S.C. § 544(a)(3).[5] Movant does not nor could he refute that clear statement of bankruptcy law.

Next, the Trustee argues that in that capacity, he has the right to avoid an obligation incurred by the debtor that is voidable by a BFP so long as he had neither actual or constructive notice of Movant's rights.  The parties concur that application of this principle is a matter of substantive state law, in this case that of Pennsylvania where the Property is

---

(...continued)
Applying this provision, the Trustee has until March 20, 2009, one year after he was appointed to file an adversary proceeding to avoid any interest under § 544(a).

[4] The Trustee's July 17 letter, Exhibit M-3, was presumably to put Movant on notice of his position and open a dialogue for an amicable resolution, not an impermissable attempt to commence an adversary proceeding as Movant states.  Movant's Mem at 28.

[5] That provision, summarized above, reads as follows:

a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
....

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

located. Bridge v. Midlantic National Bank (In re Bridge),18 F.3d 195, 200 (3d Cir. 1994). The Trustee relies on the Pennsylvania statute that requires the recording of deeds where parties intend to convey real property, absent which the conveyance shall be adjudged fraudulent and void as to any subsequent bona fide purchaser without actual or constructive notice of the conveyance. 21 P.S. § 351.[6] It is conceded that a deed was not recorded. The Trustee thus argues that as he had no actual notice of Movant's interest and constructive notice cannot be imputed to him, Movant's rights must yield to the superior rights of a BFP. Specifically the Trustee contends that Pennsylvania law affords two procedures, neither of which were followed, that would provide constructive notice of Movant's interest: the recording statute, 21 P.S. § 402, and the *lis pendens* statute, 42 Pa.C.S. § 4302.[7]

---

[6] Section § 351 states:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

[7] The Trustee argues that only by recording a deed in Movant's name or placing a *lis pendens* on the Property evidencing Movant's interest would Movant have provided sufficient notice
(continued...)

Movant does not contend to have recorded a deed under 21 P.S. § 402, but rather argues that under state law, his interest in the Property is subject to perfection by commencing a motion for contempt attachment in the pending divorce action, *citing* Pa.R.Civ.P. 1920.33(e). Whether, absent the intervening bankruptcy, that procedural device would have been effective *vis-a-vis* a BFP, is not dispositive since admittedly this step was not taken before the bankruptcy was filed. Section 544(a) fixes rights as of the commencement of the case. I therefore reject Movant's statement that "Trustee has no power to avoid movant's interest in his property because movant's interest is **capable** of perfection in State court." Movant's Mem. at 9 (emphasis added).

Having conceded that no requisite action had been taken as of the petition date to perfect his interest, Movant turns to § 546(b) which carves out an exception to the trustee's avoiding power where state law allows post-petition perfection of an interest to relate back to its creation ("Relation Back Doctrine"). That section is complemented by § 362(b)(3) that carves out an exception to the automatic stay for actions that are incapable of avoidance by the trustee by reason of § 546(b). If the Movant is correct that state law would allow him to perfect his unperfected interest and that perfection would relate back to the date of the Agreement, he would not even need the stay relief he seeks. The stay would not be applicable at all.

---

(...continued)
to prime the rights of the Trustee under § 544(a)(3). Trustee's Mem. at 4-7. Movant's response that he was not permitted during the pendency of the equitable distribution proceedings nor required thereafter under state domestic relations law to file a *lis pendens* misses the point. While this is true *vis-a-vis* the Debtor, it is one way to provide notice to a BFP.

Applying these principles to the instant case, Movant argues that the "trustee's avoidance powers are limited by Movant's state law right to record a deed unto himself, 23 Pa.C.S.A. § 3504, or to compel Debtor to do so as ordered by the state court, 23 Pa. C.S.A. § 3105, Pa.R.C.P. 1920.33(e)." Movant's Mem at 20. Assuming, without opining, that those sections support the availability of the remedies averred by Movant, it is clear that these are rights *vis-a-vis* Debtor, not a BFP.[8] Nowhere does it state that these effect any rights versus third parties. More significantly to Movant's point, nowhere does the statute or rule state that the recordation of the deed will relate back to the date of the Agreement. As noted in the legislative history of § 546(b):

> The rights granted under this section [546(b)] prevail over the trustee only if the transferee has perfected the transfer in accordance with applicable law, and that perfection relates back to a date that is before the commencement of the case.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 371 (1977): S.Rep. No. 989, 95th Cong., 2d Sess. 86 (1978).

The case cited by the Movant to illustrate the operation of this exception deals with a property interest that does relate back. In <u>Yoba Electric, Inc. v. Graybar Electric Co., Inc.</u>,

---

[8] Section 3504 declares that whenever a decree of divorce is entered, both parties whose marriage is terminated shall have complete freedom of disposition of their separate property and may mortgage, convey or dispose of same without the need for the other to join in or consent to the deed, mortgage or the other. Section 3105(a) allows a party to a domestic relations agreement "to utilize a remedy or sanction set forth in this part [i.e., the divorce case] to enforce the agreement to the same extent as though the agreement had been an order of the court." 23 Pa.C.S.A. § 3105. Rule 1920.33(e) states that an order distributing property under the Divorce Code may be enforced as provided by the rules governing support and divorce actions. Pa. R.Civ.P. 1920.33. While Movant had rights under these sections, it is clear that he never exercised them prior to the filing by Debtor of this bankruptcy case. While he seeks to do so now and would be permitted absent the bankruptcy case, the issue is not what rights he had then but what his rights are now.

728 F.2d 207 (3d Cir. 1984), the issue was whether the filing of a lien under the Pennsylvania mechanic's lien statute, after the contractor had filed for bankruptcy relief, violated the automatic stay. The appellate court agreed with the bankruptcy court that the outcome was controlled by the mechanic's lien statute, 49 P.S. § 1508, which provides that the perfection of a mechanic's lien relates back to the installation of the first material. Thus, no violation of the stay occurred.[9] The court noted that the same result would not have obtained under New Jersey law which does not provide for relation back of the lien, presaging the decision in In re Enron Corp., 294 B.R. 232 (Bankr. S.D.N.Y. 2003). The Enron court held that under New Jersey law, the statutory construction liens did not relate back to the commencement of the work which preceded the bankruptcy case, and thus they were avoidable by the debtor-in-possession exercising the rights of a hypothetical bona fide purchaser under § 545.

A case analogous to the procedural posture here but where the court found the Relation Back Doctrine to be applicable is Jones v. Salem National Bank (Matter of Fullop), 6 F.3d 422 (7th Cir. 1993). In Jones, the Chapter 7 trustee sued to avoid a bank's lien on oil extracted under lease. The court recognized that ordinarily the creditor would be precluded from perfecting the lien post-petition and the trustee could avoid the creditor's unperfected interest through his powers as a hypothetical lien creditor. However, the exception to a general stay of post-petition perfection obtains when applicable law permits perfection to be effective against an entity acquiring rights before perfection. In this case, the lien granted

---

[9] This decision is now memorialized in § 362(b)(3) as discussed above.

in rents and profits could be perfected by taking affirmative action post-petition. See also Vanderbilt Mortgage and Finance, Inc. v. Griggs (In re Griggs), 965 F.2d 54 (6th Cir. 1992) (Kentucky statute providing for retroactive perfection of security interests represented on certificates of title allowed the creditor to perfect his lien against the trustee pursuant to § 546(b)).

The foregoing makes clear that absent a state law that would allow post-petition action to relate back, the trustee's avoiding powers are not impaired. However, this outcome only obtains when the trustee had no actual or constructive knowledge of Movant's interest. While Movant presented no evidence that demonstrated that the Trustee had any actual knowledge, he claims otherwise because he "stands in the shoes of the debtor." Movant's Mem at 39. Presumably, and without any authority for his contention, he attributes Debtor's knowledge to the Trustee. That argument is flawed because the Trustee does not stand in the shoes of the Debtor but has the standing of a hypothetical bona fide purchaser without regard to any knowledge of the trustee or any creditor. 11 U.S.C. § 544(a). See In re Chandler, 76 B.R. 460, 464 (Bankr. E.D. Pa. 1987) (noting the different consequences to lack of record notice where the challenge is by the debtor and the hypothetical inquirer.) Indeed were the Debtor's knowledge attributed to the Trustee, there would always be knowledge and the statutory power would be illusory.

In the alternative, Movant argues that the Trustee had constructive notice by reason of the filing of the Decree and Order, Exhibit M-2, with the Office of the Prothonotary on

July 24, 1997, seemingly arguing that the *lis pendens* statute does apply. He appropriately looks to 42 Pa. C.S. § 4302 which provides that every document affecting title or any interest in real property which is "filed and indexed" in the court shall be constructive notice of its filing and full contents.[10] The flaw in his position is that there is no evidence that the document was indexed. In Massey v. Germantown Savings Bank (In re Duffy-Irvine Associates), 39 B.R. 525 (Bankr. E.D. Pa. 1984), the Court held that both filing and indexing were required and stated:

> The purpose of indexing an action in either the judgment, ejectment or miscellaneous indexes is to convey to third parties dealing with land notice that the property is subject to a claim. Indexing is as essential to the preservation of a creditor's right against realty as is the commencement of the action.

Id. at 530 (*citing* Negley v. Reiser, 188 A. 123 (1936)). In Mid-State Bank and Trust v. Globalnet Int'l, Inc., 755 A.2d 79 (Pa. 1999), also cited by the Trustee, the Pennsylvania Supreme Court held that there must be information on an index (i.e., judgment index or recorder of deeds index) to put a third party on constructive notice of an interest.

---

[10] That section states:

> Real property.--Except as otherwise provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process), every document affecting title to or any other interest in real property which is filed and indexed in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county in the manner required by the laws, procedures or standards in effect at the date of such filing shall be constructive notice to all persons of the filing and full contents of such document.

Finally, on page 45 of his 58 page brief, Movant finds an answer to the question that gave rise to the briefing. Movant may prevail over the BFP under a constructive notice theory if the party "could have learned by inquiry of the person in possession and of others, who they had reason to believe, knew of the facts which might affect title." Movant's Mem at 45 (*quoting* Mid-State, 735 A.2d at 85). In Malamed v. Sedelsky, 80 A.2d 853, (Pa. 1951), the Pennsylvania Supreme Court observed the long held view that it is just as careless to purchase without having viewed the premises as it is to purchase without having searched the register, and held that "it is the duty of the purchaser of real property to make inquiry regarding the rights of the party in possession and failing to do so they [*sic*] are affected with constructive notice of such facts as would have come to his knowledge in the proper discharge of that duty." Id. at 855.

In this case, Movant argues that by simply inquiring of him, the party in possession, the BFP would have learned of the unrecorded conveyance, and as such he is charged with notice. McCannon v. Marston, 679 F.2d 13, 16 (3d Cir. 1982) (in Pennsylvania clear and open possession of real property generally constitutes constructive notice to the subsequent purchaser of the rights of party in possession). The Trustee responds that as Movant was a rightful owner of the Property, his possession did not raise a red flag to inquire about title, citing to Salvation Army v. Lawson, 142 A. 113, 114 (Pa. 1928). In Salvation Army, the Court stated:

> Where the land is occupied by two persons, as, for instance, by husband and wife, and there is recorded title in one of them, such occupation is not notice of an unrecorded title in the other.... The rule is universal that "if the possession be consistent with the recorded title, it is no notice of an unrecorded title"

-14-

Id. at 463-64 (*quoting* Kirby v. Talmadge, 160 U.S. 379, 388 (1896). The Trustee's implication is that Movant's possession of the Property is not inconsistent with ownership by the entireties.

However, Movant's possession of the Property does not stand alone. The Trustee "has the status of a hypothetical bona fide purchaser who is deemed to have searched the title of the . . . property as of the petition's filing." Bridge, 18 F.3d at 204; accord In re Carnes, 331 B.R. 229, 232 (Bankr. W.D. Pa. 2005) (As a hypothetical purchaser, the trustee would be deemed to have conducted a title search of the property). As stated by the Court in Accredited Home Lenders v. Lauver (In re Lauver), 372 B.R. 751 (Bankr. W.D. Pa. 2007):

> Constructive knowledge ... consists of what a purchaser of debtors' property would have discovered from inspecting the public record in the office of the recorder of deeds as well as from inquiring of the person in possession of the property....

Id. at 760. In this case, such a title search would reveal that the Property was titled in the name of Debtor and Movant as tenants by entireties.[11] An essential element of this type of ownership is the inability of either spouse to convey an interest in the property without the consent of the other. Carnes, 331 B.R. at 232 (*citing* Schweitzer v. Evans, 63 A.2d 39, 40-41 (Pa. 1949)).[12]

---

[11] This unique form of property ownership is based upon the legal fiction that husband and wife are a single entity under the law. As has been oft quoted, its "essential characteristic is that 'each spouse is seised per tout et non per my, i.e., of the whole or the entirety and not of a share, moiety or divisible part.'" E.g., In re Brannon, 476 F.3d 170, 173 (3d Cir. 2007) (*quoting* In re Gallagher's Estate, 352 Pa. 476, 43 A.2d 132, 133 (1945)).

[12] The Trustee also relies on Lauver, 372 B.R. at 762, where a trustee was found not to be a BFP because constructive notice was found. The Trustee quotes the court's passing comment that
(continued...)

Keeping in mind that the BFP acquires his interest from the Debtor alone, the title of record, i.e., by the entireties, is sufficient to put the Trustee/BFP on notice that there was another spouse with an interest in the Property whose consent was essential to the hypothetical purchase giving the Trustee his rights. A BFP would have a reasonable duty of further inquiry which would have led to inquiry of Movant and discovery that title was not consistent with the Marital Separation Agreement and Movant's exclusive possession. In short, had these inquiries been made, the BFP would have had knowledge of Movant's interest and as such, was unable to take free of it. Since the Trustee's rights can rise no higher than that of the BFP, his rights under § 544(a)(3) are to no avail in this case.

### III.

Under Pennsylvania law, a bona fide purchaser may only prevail against an unrecorded interest, such as the one Movant holds, if he has no actual or constructive notice of the interest. Finding that a BFP had such constructive notice, the Trustee may not exercise his strong arm power against Movant. Rather because Movant's rights are superior to those of the Trustee under § 544(a)(3), I will grant him relief from stay to enforce his interests under state law against the Debtor.

---

(...continued)
"the duty to make such inquiry of one who is in possession applies only to tenants in possession of the property. Such duty of inquiry does not arise when the person in possession of the property also is the title owner thereof." He omits the concluding line, i.e., "Debtors were not merely in possession of the property; they were record owners of it." In this case, Movant and Debtor were record owners but Movant was solely in possession. While I agree that tenants in the property would be an obvious red flag, I do not conclude that the duty of inquiry only arises in that instance.

<u>In re John J. & Marcella F. Aulicino - Bankruptcy No. 08-11865DWS</u>

An Order consistent with the foregoing Memorandum Opinion shall issue.

                                      DIANE WEISS SIGMUND
                                  United States Bankruptcy Judge

Dated:   December 2, 2008